Davis, J.,
delivered the opinion of a majority of the court:
This case was sent to the court by the honorable the Secretary of the Treasury, pursuant to section 2 of the act of March 3, 1883 (22 Stat. L., p. 485). The Secretary states the question submitted by him as follows:
il Whether a daptain of the Marine Corps appointed a Judge-Advocate-General of the Navy under the act approved June8, 1880 (21 Stat. L., 164), with the rank, pay, and allowance of a colonel, can be retired from that position as- a colonel and be entitled to the retired pay of an officer of that rank on the retired list.”
William B. Remey died January 20,1895, and the fact was suggested to the court by the Attorney-General.
The case seems to have been properly transmitted under the provisions of the act. Any lack of consent, if such there were, on plaintiff’s part to the Secretary’s action at the time of the transmittal has been cured by the appearance here of Remey’s committee and administrator, with prayer that the court consider the case. If there be any question between the committee and the administrator (which is not to be anticipated) it will be settled in the Treasury Department; no difference between them is sent here for our investigation.
The sole question submitted by the Secretary of the Treasury is whether Remey, under the circumstances stated, could be retired as a colonel in the Marine Corps and paid as a retired officer of that rank in that corps.
The Secretary’s letter of transmittal assumes, for the purposes of this hearing, that Remey’s lineal rank in the Marine Corps was that of captain; that he was appointed Judge-Advocate-General of the Navy with the rank, pay, and allowance of a colonel; that he was in fact retired as a colonel; and we are then asked as a question of law whether Remey could be so retired and could then be allowed the pay of a retired colonel of the Marine Corps.
The order of retirement, dated June 2,1892, and signed by the Secretary of the Navy, states that—
“ The President of the United States having approved your application of the 30th ultimo, to be retired from active service, under section 1243, Revised Statutes, * * * you are, by direction of the President, retired from active service and placed on the retired list of officers of the Marine Corps, in conformity with sections 1243 and 1622, Revised Statutes, to take effect from the 4th instant.”
*220 After this order Remey was, until his death, borne on the Register of the Navy as a retired colonel of the Marine Corps. This retirement was for disability stated as originating “ in line of duty, from prolonged mental strain in the performance of his official duties.”
The act of June 8, 1880, provided as follows (21 Stat. L., p. 164; 1 Supp. Rev. Stats., 2d ed., p. 290):
“That the President of the United States be, and he is hereby, authorized to appoint, for the term of four years, by and with the advice and consent of the Senate, from the officers of the Navy or the Marine Corps, a Judge-Advocate-General of the Navy, with the rank, pay, and allowances of a captain in the Navy or a colonel in the Marine Corps, as the case may be. And the office of the said Judge-Advocate-General shall be in the Navy Department, where he shall, under the direction of the Secretary of the Navy, receive, revise, and have recorded the proceedings of all courts-martial, courts of inquiry, and boards for the examination of officers for retirement and promotion in the naval service, and perform such other duties as have heretofore been performed by the solicitor and naval Judge-Advocate-General.”
The retirement of officers in the Marine Corps is regulated by section 1622, Revised Statutes:
“The commissioned officers of the Marine Corps shall be retired in like cases, in the same manner, and with the same relative conditions, in all respects, as are provided for officers .of the Army;”
with an exception not important to this case.
Section 1243, Revised Statutes, provides that—
“When an officer [of the Army] has served forty consecutive years as a commissioned officer, he shall, if he makes application therefore to the President, be retired from active service and placed upon the retired list. When an officer has been thirty years in service, he may, upon his own application, in the discretion of the President, be so retired, and placed on the retired list.”
Section 1254 provides:
“ Officers hereafter retired from active service shall be retired upon the actual rank held by them at the date of retirement.”
Section 1274 provides:
“Officers retired from actual service shall receive seventy-hve per centum of the pay of the rank upon which they are retired.”
*221 As to this section this court held in Roberts’s Case (10 0. 01s. B., 284):
“Betired officers are entitled to receive 75 per cent of the whole pay which they were receiving as officers in active service when placed on the retired list, including their current yearly pay and their allowance for length of service, limited by the maximum fixed by said act, which, in the case of a lieutenant-colonel, is $4,000.”
Through his appointment as Judge-Advocate-General, Bemey became for the period of his appointment a colonel of the Marine Corps and became entitled to the rank and emoluments attached to that office.
Looking to executive or legislative construction of questions similar in principle to that presented in this case, we find that the offices of G eneral and Lieutenant-General of the Army were to cease upon the occurrence of a vacancy, yet General Sherman was retired as a general, being the “actual rank held” at the date of retirement; also that Congress (act May 23,1893, 27 Stat. L*; chap. 212, p. 728) made appropriation for the pay of four colonels of the Marine Corps, there being only three such officers, unless Bemey be counted as one; finally, in the Naval Begister and the records of the headquarters of the Marine Corps Bemey was borne as one of the retired colonels. Therefore both the executive and legislative branches of the Government have been of opinion that Bemey was at the time of his death a colonel retired. This construction is entitled to respect, and in case of doubt as to the interpretation of the statute must have great weight with the court.
This case may be distinguished from that of Lemly (28 0. Cls. B., p. 468). There the question presented was whether the plaintiff, an officer of the Navy appointed Judge-Advocate-General of the Navy, while holding that office was entitled to the sea pay and allowances of a captain in the Navy. We ruled adversely to this contention, holding (ibid., p. 478):
“ To construe the statute so as to allow the plaintiff the sea pay and allowances of a captain in the Navy while performing in the Navy Department the duties of Judge-Advocate-General would manifestly be contrary to legislative intent, as by so doing we would be incorporating in the act under which he was appointed the words ‘ sea pay,’ or the highest pay of his grade, although the language of the act as it stands, with reference to the law's in force at the time, is susceptible of clear and vrell-defined meaning.”
*222 Further—
“ Congress did not intend to give the sea pay and allowances of a captain in the Navy to the Judge-Advocate-General for services performed in the Navy Department, by reference to section 1565, Devised Statutes, wherein Congress by express terms pro vides, “the pay of chiefs of bureaus in the biavy Department shall be the highest pay of the grade to which they beloug, but not below that of commodore.” * * * So that it must be held that if Congress with the precedents before them, which they established, had intended by the act to give the plaintiff sea pay or its equivalent for shore service, they would have so expressed it, and not having done so we must conclude that they did not so intend.”
The only question presented in Lemly’s case was whether, while serving as Judge-Advocate-Gen eral of the Navy, he should receive sea pay or shore-duty pay. That case therefore affords no guide in the one at bar. Here, now, there is presented no question of sea pay, shore pay, or furlough pay, but merely the question whether Remey, then J udge-Advocate-General, could be retired as a colonel, his lineal rank being' captain and his rank while Judge-Advocate-General being that of a colonel in the Marine Corps. While holding this office of Judge-Advocate-General he was-entitled to the rank, to the pay, and to the allowances of a colonel in that corps. While he held this office he, under this statute, held actual rank as a colonel of the Marine Corps; not assimilated rank: his rank was a fact, not a courtesy.
Turning to the retiring statutes.
Section 1254 (Rev. Stat.) relates to the Army, and provides that “officers hereafter retired from active service shall be retired upon the actual rank held by them at the date of retirement;” section 1622 (Rev. Stat.) provides that officers m the Marine Corps shall be retired “ in the same manner and with the same relative conditions in all respects as are provided for officers of the Army;” section 1254 directs that “ officers hereafter retired from active service shall be retired upon the actual rank held by them at the date of retirement.”
What, then, was Remey’s “actual rank” at the date of his retirement? Was he then actually a captain in the Marine Corps temporarily performing duty as Judge-Advocate-General, or was he in fact at that time a colonel; that is, was his rank an assimilated rank, as is presented in the case of some officers upon the personal staff of a general officer, or was his rank actual at the time, a rank limited only as to its duration? o
*223 The plaintiff (21 Stat. L., p. 164) was “appointed” for four years “. Judge-Advocate-General of the Navy, with the rank, pay, and allowance of a * # * colonel in the Marine Corps.” When he was retired, he was in law and fact a colonel in the Marine Corps. The further fact that this commission was limited as to time does not change the other fact that at the moment of retirement he was a colonel. Section 1254 (Bev. Stat.) provides that he must be retired “upon the actual rank held by them | him ] at the date of retirement.” Actual rank is t.he test, a test made evidently to exclude assimilated rank as a measure of pay. Bemey’s rank as Judge-Advocate-Gen eral and colonel was not an assimilated rank but an actual rank, for the statute directs that the Judge Advocate-General shall . have the rank, the pay, and the allowances of a captain in the Navy or of a colonel in the Marine Corps, as the case may be. (21 Stat. L., p. 164.) Then at the date of his retirement- the actual rank (as distinguished from assimilated rank) held by Bemey was that of a colonel in the Marine Corps; as such the President retired him, as he had a right to do.
We therefore answer the inquiry of the honorable the Secretary of the Treasury as follows:
A captain of the Marine Corps appointed a Judge-Advocate-General of the Navy under the act approved June 8,1880 (21 Stat. L., 164), with the rank, pay, and allowance of a colonel, can be retired from that position as a colonel, and be entitled to the retired pay of an officer of that rank on the retired list.
The clerk will transmit a copy of this opinion to the honorable the Secretary of the Treasury.